**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | **CASE NO. 22-52799** |
| **EVERGREEN SITE HOLDINGS, INC.,** ) | |
| ) | **CHAPTER 11** |
| Debtor(s). ) | **JUDGE PRESTON** |
| ) | |

**RESPONSE OF SUBCHAPTER V TRUSTEE TO OBJECTION OF KARRY GEMMELL TO DEBTOR'S ELECTION TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11 OF THE BANKRUPTCY CODE (DOC. 48)**

Matthew T. Schaeffer, Subchapter V Trustee (the "Trustee") submits this Response to the Objection of Karry Gemmell to Debtor's Election to Proceed Under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Objection") (*Doc. 48*) filed by Karry Gemmell ("Gemmell").

I.  **UNDISPUTED FACTS**

1. In August of 2019, the Debtor received title to two parcels of real property (collectively, the "Real Estate") in Hocking County, Ohio. One parcel is 81.36 acres; the other parcel is 60.6 acres. The Debtor owns no other real estate.

2. The parcels of the Real Estate contain three residential mobile homes, a residential single-family home, a small office building (which is a converted mobile home), a zip line adventure course, and a large acreage of vacant and timbered land.

3. As of the Petition Date, the zipline adventure course was operated by Eventuresencore, Inc. (an entity not affiliated with the Debtor)("Eventuresencore") on the Real Estate by virtue of a lease between Eventuresencore and a state-court receiver. The zipline course and the mobile home rentals are not commercially connected—they have different purposes. For

example, the mobile home rentals are not used to increase the revenues of the zipline business and vice versa.

## II. LAW & ANALYSIS

4. 11 U.S.C. § 1182 provides a that the term "debtor" under Subchapter V does not include "a person whose primary activity is the business of owning single asset real estate." Section 101(51B) defines "single asset real estate" ("SARE") as "[r]eal property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto."

5. Courts have adopted a three-prong test to determine whether a case should be characterized as a SARE case: "(1) the debtor must have real property constituting a single property or project ..., (2) which generates substantially all of the gross income of the debtor,[1] and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto." *In re Scotia Pacific Co.*, LLC, 508 F. 3d, 214, 220 (5th Cir. 2007).

### A. Whether the Real Estate Is a Single Project

6. Whether multiple parcels constitute a single project is a fact driven question. For separate parcels to constitute a single project, "the properties must be linked together in some fashion in a common plan or scheme *involving their use*. The mere fact of a common ownership, or even a common border, will not suffice." *In re McGreals*, 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996)(emphasis added). "[T]he question is whether the debtor treats its property as a single

---

[1] It is undisputed that the Debtor's income is or will be generated from the use of the Real Estate.

2

project or property by virtue of a common plan or purpose." *In re JJMM Int'l Corp.*, 467 B.R. 275, 278 (Bankr. E.D. N.Y. 2012). The court in *JJMM* treated three contiguous parcels as a single project when the parcels were leased to entities that shared common ownership with the debtor even though the tenants conducted different businesses. *Id.* The court concluded that the common plan for the property was for the debtor to serve as landlord for the debtor's related entities. *Id.*

7. In <u>In re 218 Jackson LLC</u>, No. 6:21-bk-00983-LVV, 2021 Bankr. LEXIS 2284 (Bankr. M.D. Fla. June 2, 2021), the court considered a situation where the debtor owned two parcels. The court noted that the movant bears the burden to prove by a preponderance of the evidence that the Debtor is a SARE. *Id*. at *10. The court heard the unrebutted testimony of the debtor's principal, who testified that one of the lots was vacant and that there were no plans for commercial development because the size of the lot made it impractical. *Id*. The court found this to be "a close case," but held that the case was not a SARE because the debtor had no plan to join one parcel to the activities of the other parcel.

8. In *Evergreen* case, there have been two recent and simultaneous uses to the Real Estate: (1) long-term residential rentals and (2) a lease to a zipline business. Although cases have held that "mixed-use" properties may be classified as a SARE, these cases appear to apply to planned developments. *In re RIM Development, LLC*, 2010 Bankr. LEXIS 1303, 2010 WL 1643787 at *1 (Bankr. D. Kan. 2010) (mixed-use development of town homes and commercial lots was SARE); *In re Webb MTN, LLC*, 2008 Bankr. LEXIS 691, 2008 WL 656271 at *5 (E.D. Tenn. 2008) (five parcels of undeveloped real estate acquired for the purpose of developing a single resort together constitute SARE). In this case, there is no evidence that Evergreen has a planned development for the Real Estate, and it instead appears that the parcels were haphazardly

developed in the past. The mobile home residential units appear to be completely disconnected from the zipline business, and neither business use supports the other.

  **B.  Whether Substantial Business Is Conducted Other than the Business of Operating the Real Property and Activities Incidental Thereto**

9.  To qualify for SARE status, a debtor's real estate must not have any substantial business of the debtor being conducted other than the business of operating the real property and activities incidental thereto. For example, SARE status has been held to not apply in situations where the debtor employs a significant number of employees, or has business activities that generate income from services to third parties apart from the sale or use of the real property, including the operation of full service hotels, marinas, ski resorts, golf courses, or timberlands. *Centofante v. CBJ Dev. (In re CBJ Dev.)*, 202 B.R. 467 (B.A.P. 9th Cir. 1996)(hotel with restaurant and bar); *In re Scotia Pacific Co., LLC*, 508 F.3d 214 (5th Cir. 2007)(timber harvesting); *In re Kkemko, Inc.*, 181 B.R. 47 (Bankr. S.D. Ohio 1995)(marina); *In re Prairie Hills Golf & Ski Club, Inc.*, 255 B.R. 228 (Bankr. D. Neb. 2000) (golf and ski resort).

10.  In this case, because of the State Court litigation, it appears that the Debtor has not had the opportunity to conduct business operations of its own on the Real Estate. For example, the Debtor has stated that it intends to investigate operating a zipline business directly on the Real Estate and investigate a number of other income-producing activities. The Debtor also argues that Eventuresencore has no valid lease with the Debtor and that the Debtor is therefore entitled to begin its own operations. The Debtor should be given the opportunity to present evidence of its intentions.

11.  As the record stands, the Trustee believes that the movant has not shown that this case requires SARE designation and thus the Trustee supports the continued Subchapter V designation at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 9, 2022 | /s/ Matthew T. Schaeffer |
|  | Matthew T. Schaeffer (0066750) |
|  | Bailey Cavalieri LLC |
|  | 10 West Broad Street, Suite 2100 |
|  | Columbus, Ohio 43215 |
|  | 614.229.3289 (telephone) / 614.221.0479 (telefax) |
|  | mschaeffer@baileycav.com |
|  | *Subchapter V Trustee* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Response Of Subchapter V Trustee To Objection Of Karry Gemmell To Debtor's Election To Proceed Under Subchapter V Of Chapter 11 Of The Bankruptcy Code (Doc. 48)* was served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court.

/s/ Matthew T. Schaeffer
Matthew T. Schaeffer (0066750)

4856-4078-0355v1