**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 22-52799 |
| | * | (Chapter 11) |
| EVERGREEN SITE HOLDINGS, INC. | * | |
| | * | (Judge Preston) |
| Debtor/Debtor-in-Possession. | * | |

**RESPONSE TO (RELATED DOCUMENT(S): [48] MOTION OBJECTION TO DEBTOR'S ELECTION UNDER SUBCHAPTER V OF CHAPTER 11 FILED BY CREDITOR KARRY GEMMELL) FILED BY CREDITOR TIMBER VIEW PROPERTIES, INC. (HUMPHREYS, KEVIN)**

Now comes Timber View Properties, Inc., ("Timber View"), the secured creditor herein, by and through counsel, and hereby tenders its *Response* in opposition to the *Objection of Karry Gemmell to Debtor's Election to Proceed Under Subchapter V of Chapter 11 of the Bankruptcy Code* (Doc. 48). This response in opposition is timely as Timber View was not served electronically with the objection to which this response relates.

**BACKGROUND INFORMATION**

1. On September 22, 2022, the Debtor Evergreen Site Holdings, Inc., (Evergreen), filed its petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") (the "Petition Date").

2. The Objection/Motion filed on behalf of Karry Gemmell seeks a determination of single asset real estate ("SARE") with respect to the Debtor's property including its two (2) parcels of real estate, Hocking County Parcel Numbers 02-000833.0200, and 02-000833.0201, containing 60.5995 acres +/- and 81.3617 acres +/-, respectively for a

combined total of 141.9665 acres +/- located on or about the vicinity of 15111 and 15103 State Route 664 South, Logan, Ohio 43138 (collectively the "Properties") which are presently owned by the Debtor.

3. Timber View is an interested party by virtue of its mortgage lien interests in the Properties in connection with an assignment of certain mortgages and other interests related thereto acquired through a purchase for value by Timber View, from The Citizens Bank of Logan, Ohio ("Citizens Bank") on July 1, 2015 - a recorded assignment of said mortgage interests (the "Assignment") was recorded as instrument number 201500002098, within official record book 555, pages 382-388, in the Recorder's Office for Hocking County, State of Ohio. The Assignment appears of record, as having been filed as Exhibit '1' to (Doc. 68).

4. Pursuant to the Assignment, Timber View is the owner and holder of two outstanding mortgages which are the first and best lien upon the Debtor's Properties, subject to real estate taxes, to wit: 1) a certain mortgage made upon the real estate described as parcel 02-000833.0201, dated December 2, 2004, from M&T Property Investments Ltd, as mortgagor, to The Citizens Bank of Logan, Ohio as lender/mortgagee, which was recorded as instrument number 200400006722, within OR Book 322, pages 803-817, as recorded on **December 13, 2004**, in the Hocking County Recorder's Office within the State of Ohio; hereinafter "Mortgage9272"); and 2) a certain open-end mortgage made upon the real estate described as parcel 02-000833.0200, dated December 13, 2005, from M&T Property Investments Ltd,( "M&T"), as mortgagor, to The Citizens Bank of Logan, Ohio, as lender/mortgagee, having been recorded as instrument number 200500006556, within OR Book 353, pages 77-89, as recorded on **December 16, 2005**, in the Hocking

   County Recorder's Office within the State of Ohio; (hereinafter Mortgage4328"). True and accurate copies of said mortgages (collective the "Mortgages") have already been introduced of record in this matter as Exhibits '2' and '3' attached to (Doc. 68).

5. At all times since August 7, 2019, the Debtor has been the legal and equitable owner of the Properties. The Debtor acquired the Properties subject to the Mortgages, pursuant to a purchase and sale agreement from M&T. Copies of the Debtor's deeds are attached to the *Motion* (Doc. 54) referenced therein as Exhibit A, which are incorporated by reference. The real estate closing was handled by Rock House Title Company, and the Debtor's title insurance was underwritten and issued by Old Republic Title.

6. Although Debtor's Properties at 0 State Route 664 South, and 15111 State Routes 664, South are contiguous the Debtor's uses of those Properties are not pursuant to common plan or as a single project.

7. At least four (4) independent uses exist at the Properties: (1) a zipline business with a manufactured trailer/office; (2) one single family residence with a detached garage/shop; (3) three mobile home lots; and (4) vacant land - investment/development opportunities of parcel 02-000833.0200. The foregoing uses are distinct and not combined, and do not constitute a single project. There is no operational connection between the single family residence and the zipline business. There is no operational connection between the mobile home lot rentals and the zipline business. There is no connection between the mobile home lot rentals and the single family residence with the detached garage/shop. The 60.5995 acre tract of vacant land is not used for any particular use beyond holding for future development opportunities which may include cabins, timber, home site development, or other uses.

8. Each of the parcels is encumbered by a separate and independent mortgage, and those mortgages were not entered into at the same time for any single project oriented financing to be located at or upon the Properties.

9. The tenant mobile homes, are located upon leased lots, they are personal property belonging to the respective tenants, not the Debtor.

10. In the State of Ohio, a mobile home is not real property[1] nor does it constitute an interest in real property as a single family residence or residential unit upon real property. Rather, a mobile home is a titled vehicle defined within the provisions of Title 45 Motor Vehicles – Aeronautics – Watercraft, of the Ohio Revised Code. Ohio Revised Code § 4501.01(O) states:

> "Mobile home" means a building unit or assembly of closed construction that is fabricated in an off-site facility, is more than thirty-five body feet in length or, when erected on site, is three hundred twenty or more square feet, is built on a permanent chassis, is transportable in one or more sections, and does not qualify as a manufactured home as defined in division (C)(4) of section 3781.06 of the Revised Code or as an industrialized unit as defined in division (C)(3) of section 3781.06 of the Revised Code.

See, Ohio Rev. Code § 4501.01(O).

11. Accordingly, the Debtor's property which is owned by the debtor and part of the bankruptcy estate, includes one (1) single family residence or residential unit as the same is described within 11 U.S.C. § 101(51B), located upon parcel 02-000833.0201. As it pertains to the mobile homes located upon parcel 02-000833.0201, as a matter of state law those mobile homes belong to the tenants, not the Debtor, and the Debtor leases has three mobile home lots, not residential units, that it leases to the mobile home tenants.

---

[1] See, *In re Capretta*, 542 B.R. 774, 779 (Bankr. N.D. Ohio 2015)

## LAW AND ARGUMENT

### A. Preliminary Objection to Karry Gemmell's Standing.

Timber View objects to Karry Gemmell's (Gemmell) standing as a creditor in these proceedings. Gemmell's appearance in these proceedings is for the improper purpose of attempting to appropriate the Debtor's property to collect a judgment rendered in a state court proceeding (the State Court Action[2]) to which the Debtor was not a party and is not a judgment debtor. Accordingly, Gemmell's actions in that respect are prejudicial to the Debtor's legitimate creditors, such as Timber View.

There is but one final and non-appealable judgment before this Court in connection with the various state court proceedings, that judgment is the August 29, 2019 Final Judgment[3]; that judgment is entitled to full faith and credit in this Court. As referenced in prior filings with this Court, pursuant to Ohio law, judicial pronouncements do not create judicial liens in land.[4]

---

[2] *Gemmell v Anthony,* Hocking County Common Pleas Court Case No. 13CV0046

[3] That August 29, 2019, Judgment Entry is of record in this matter attached as Exhibit 'B' to Debtor's *Response to Martin's Mot. for Relief from Stay* (Doc. 58); incorporated by reference herein.

[4] Judgment liens upon real estate of a judgment debtor are not created by judicial pronouncement, but rather by operation of judgment lien statutory provisions. See, *Binder v. Finkbone*, 25 Ohio St. 103, 113 (1874). It is well settled that "[t]he Ohio Supreme Court has long recognized that judgment liens are 'creatures of statute[,]' and that their 'existence and validity * * * [is] strictly dependent upon statutory provisions.'" See, *State ex rel. Collier v. Farley*, 4th Dist. No. 05CA31, 2006-Ohio-4901, ¶17 (quoting *Dressler v. Bowling*, 24 Ohio St.3d 14, 15, 24 Ohio B. 12, 492 N.E.2d 446 (1986), citing *Davis v. Messenger*, 17 Ohio St. 231 (1867); *Kilbreth v. Diss*, 24 Ohio St. 379 (1873); *Tucker v. Shade*, 25 Ohio St. 355 (1874); *Gorrell v. Kelsey*, 40 Ohio St. 117(1883); see also *Linsley v. Logan*, 33 Ohio St. 376, 379 (1878) ("Judgment liens exist only by statutory creation.") Ohio's judgment lien statute is codified at Ohio Revised Code § 2329.02. Its provisions set forth the statutory process for the creation of a judgment lien in the lands of a judgment debtor, which attach at the time of the filing of the certificate of judgment.

Accordingly, within Ohio a trial court judge lacks authority to declare the existence of a judgment lien. *Id.* Rather, strict compliance with the provisions of Ohio Rev. Code § 2329.01, et seq., with respect to a final judgment are necessary to give any force or effect to a certificate of judgment as a lien upon land.[5] Gemmell's appearance in this case not only disregards the foregoing law, but also the language appearing on the first page of the August 29, 2019, Final Judgment. That final judgment bars him from making a good-faith claim of a "judgment lien" in the Debtor's Properties pursuant to a certificate of judgment, which is based upon a non-final March 21, 2018, judgment. The trial court in the State Court Action determined that the March 21, 2018, judgment was not a final judgment, applying the holding of the Fourth District Court of Appeals[6]. Timber View submits that this Court must give effect to the August 29, 2019, Final Judgment which is now final and non-appealable.

The provisions of Ohio Rev. Code § 2329.01, et seq., do not provide for the creation of judgment lien, nor give any force or effect of any judgment based upon the March 21, 2018, judgment in favor of Gemmell – therefore he lacks standing in these proceedings. Gemmell could not obtain a judgment lien against the properties based upon the August 29, 2019 Final

---

[5] See, Id., and The Ohio Supreme Court held that the phrase "any judgment" which may give rise to a judgment lien as used within Ohio's judgment lien statute means a "final judgment" that is subject to execution. See, R.C. 2329.02, and *Towner v. Wells,* 8 Ohio 136, 140-141 (1837); see also *Wheeler v. Ohio State Univ. Med. Ctr.*, 4th Dist. No. 03CA2922, 2004 Ohio 2769, ¶19; *Profancik v. Short's Athletic Club, Inc.*, 9th Dist. No. 2744-M, 1998 Ohio App. LEXIS 6093 (Dec. 16, 1998); *Nwabara v. Willacy*, 8th Dist. No. 71122, 1997 Ohio App. LEXIS 1524 (Apr. 17, 1997). A non-final, interlocutory order is not capable of execution. *Aselage v Lithoprint, Ltd.*, 2009 Ohio 7036, Para. 28 (2nd Dist, App), citing *Marion Prod. Credit Assn. v Cochran,* 40 Ohio St. 3d, 265, Para. 1 (1988). See Also, *Dyer v Schwan's Home Service, Inc.*, 2017 Ohio 4139 (10th Dist App), Para. 24. "…in order for a judgment to be the basis for the creation of a lien, such judgment must be final, conclusive of the controversy between the parties" *Tyler Refrigeration Equip. Co. v. Stonick,* 3 Ohio App. 3d 167, 168, 444 N.E.2d 43 (1981).

[6] *Gemmell v. Anthony,* 4th Dist. No. 18 CA0008, 2019-Ohio-469, ¶¶35-36, 39.

Judgment, because the Debtor Evergreen Site Holdings, Inc., was not a judgment debtor – and a certificate of judgment obtained as to that final judgment would only apply to real estate owned by those judgment debtors[7] – not Evergreen Site Holdings, Inc. Moreover, pursuant to Ohio law, judgment liens only attach to a judgment debtor's legal title - the deeded title; equitable interests of the judgment debtor in any real property are not subject to execution by judgment lien[8].

### B. Debtor's Properties Do Not Constitute Single Asset Real Estate.

11 U.S.C. § 101(51B) sets forth the definition of "single asset real estate" (SARE):

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B). Gemmell as the movant bears the burden to demonstrate that the Properties are subject to the SARE provisions of the Bankruptcy Code. See, *In re Yishlam, Inc.*, 495 B.R. 328, 330 (Bankr. S.D. Tex. 2013) (citing *In re TTM MB Park, No. 12-00174, LLC,*

---

[7] See, *Verba v. Ohio Cas. Ins. Co.* (6th Cir., 1988), 851 F.2d 811, 814 (Under R.C. 2329.02, a judgment lien is specific and, at the time it is filed, attaches to all real estate owned by the judgment debtor in the county in which it is filed.) See also, *Medina Gen. Hosp. v. Lackey*, 2002-Ohio-755 (The attaching creditor cannot obtain a superior right in the judgment debtor's property that the latter did not have, and if the judgment debtor does not have a right in the property, no lien can attach. (citing *The Warren Guarantee Title & Mortgage Co. v. Williams*, 27 Ohio App. 505, 511, 161 N.E. 551 (1928)); 2 Freeman on Executions (3d Ed.), Section 195; 15 Ruling Case Law, subject, "Judgments," p. 798, Section 255; 2 Freeman on Judgments (5th Ed.), p. 1994, Section 950

[8] See *Basil v. Vincello*, 50 Ohio St. 3d 185, 191-192, 553 N.E.2d 602 (1990) (lien recorded against buyer with only equitable interest not valid against property as equitable interests in real estate cannot be levied upon and sold under execution; R.C. 2329.01 subjects only "legal" interests in land to execution) (citing *Bank of Ohio v. Lawrence*, 161 Ohio St. 543, 120 N.E.2d 88 (1954) (Syllabus ¶1 - judgment does not attach as lien on equitable interest of judgment debtor in land under land contract)).

7

2012 Bankr. LEXIS 1012, 2012 WL 844499 (Bankr. S.D. Ala. March 12, 2012)).  Gemmell has failed to meet this burden.

An SARE determination is dependent on a three part test: "(1) [T]he debtor must have real property constituting a single property or project, [other than residential real property with fewer than 4 residential units], (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto."  See, *In re 218 Jackson LLC*, No. 6:21-bk-00983-LVV, 2021 Bankr. LEXIS 2284, at *4 (Bankr. M.D. Fla. June 2, 2021) (quoting *In re ENKOGS1, LLC,* 626 B.R. 860, 2021 WL 1561326, *2 (Bankr. M.D. Fla. Apr. 20, 2021)).

**(1) Debtor's Properties Do Not Meet the Single Property or Project Qualification of SARE.**

Determining whether certain properties constitute a single project is a factual inquiry. *Id.,* 466 B.R. at 507.  "[I]n order for two or more separate properties to constitute a single project within the meaning of Code §§ [*sic*] 101(51B), the properties must be linked together in some fashion in a common plan or scheme involving their use. The mere fact of common ownership, or even a common border, will not suffice."  *In re The McGreals*, 201 B.R. 736, 742-743 (Bankr. E.D. Penn. 1996).  The "common plan or scheme" must govern the present use of all the properties.  See, *In re Charterhouse Boise Downtown Props., LLC.*, 2008 Bankr. LEXIS 4213, at *4 (Bankr. D. Idaho Oct. 24, 2008)).

Timber View submits that parcel 02-000833.201, having an address of 15111 State Route 664 South, does not constitute SARE property, as it has one (1) single family residence.  See, *In re Aspen Club & Spa, LLC EIN: 84-1581963*, Nos. 18-14158-JGR, 19-14200-JGR, 19-14158-JGR, 2019 Bankr. LEXIS 2825, at *6 (Bankr. D. Colo. July 23, 2019) (SARE property does nto include residential property containing less than four residential units).  As noted, above,

although the three rented mobile home **lots** are present on that parcel – mobile home **lots** are not residential units. Moreover, the mobile homes owned by the lot tenants constitute personal property under Ohio. See, *In re Capretta*, 542 B.R. 774, 779 (Bankr. N.D. Ohio 2015). In this case, the mobile homes are personal titled vehicles owned by their respective titled owner – the respective mobile home lot tenant, not the Debtor. Accordingly, the SARE designation is inapplicable in this case.

Furthermore, while separate financing is a factor that may be considered by the Court upon this issue, the use of the properties is the classic *sine qua non* for a single project determination. See, *In re The McGreals*, 201 B.R. at 742-743. The facts in this case demonstrate no common use of the properties – that is each of the following uses: the zipline business; the residential single family use; the rental of mobile home lots; and the vacant land held for future development, are each unrelated to the other, with respect to use. Additionally, the parcels are independent in their respective uses. As noted above, each parcel is also the subject of separate mortgage obligations (undertaken nearly a year apart) which are not linked to any particular single project.

In this case the Properties are not presently used together in a common scheme, therefore a single project cannot exist and the Debtor's Properties are not a SARE. Moreover, non-use arising from vacant land, held by the Debtor precludes a finding that Debtor's properties are a 'single-project' when use(s) are made of the Debtor's other developed property; ostensibly the Debtor "owns two properties being used for two different purposes." See, *In re 218 Jackson LLC*, No. 6:21-bk-00983-LVV, 2021 Bankr. LEXIS 2284, at *9 (Bankr. M.D. Fla. June 2, 2021); and *In re The McGreals*, 201 B.R. 736, 743 (Bankr. E.D. Pa. 1996) Both *In re 218 Jackson LLC,* and *In re The McGreals,* are analogous to the facts presented in this case. The Debtor is the

owner of developed property, and a vacant property and there is no common scheme of uses within or between those two properties that would give rise to a single-project for purposes of an SARE designation.

## CONCLUSION

Timber View respectfully requests that this Court give full faith and credit to the August 29, 2019, Judgment Entry, which when coupled with the provisions of Ohio Revised Code § 2329.02, and the *Towner* decision demonstrate that Karry Gemmell lacks standing, as he does not possess a judgment lien which can be given any force or effect pursuant to Ohio law, in relation to the Debtor's property based upon either the March 21, 2018 non-final judgment, or the August 29, 2019 Final Judgment rendered in the *Gemmell v. Anthony* - State Court Action.

For all the foregoing reasons Timber View Properties, Inc., submits that the Debtor's Properties do not qualify as single asset real estate as the same is defined within 11 U.S.C. § 101(51B).

WHEREFORE, Timber View Properties, Inc., respectfully requests that this Court overrule the *Objection of Karry Gemmell to Debtor's Election to Proceed Under Subchapter V of Chapter 11 of the Bankruptcy Code* (Doc. 48).

Respectfully submitted,

/s/ Kevin E. Humphreys
Kevin E. Humphreys (0069168)
332 W. 6th Ave.
Columbus, Ohio 43201
614-299-7836/Cell: 614-395-2497
614-299-7837 (fax)
lawyer@colombus.rr.com

Trial Attorney for
Timber View Properties, Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 12, 2022, a copy of the foregoing was electronically served on all registered ECF participants through the Court's ECF system, and/or on behalf of their respective clients, at the email address registered with the Court, and via regular prepaid first-class U.S. Mail upon:

Evergreen Site Holdings, Inc.
70 King Street
Eustis, Florida 32726-4048

Matthew T. Schaeffer, Subchapter V Trustee,
10 West Broad Street, Suite 2100
Columbus, Ohio 43215

Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH, 43215

              /s/ Kevin E. Humphreys
              Kevin E. Humphreys, Esq. (0069168)