**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: December 15, 2022**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 22-52799 |
| | * | (Chapter 11 Subchapter V) |
| EVERGREEN SITE HOLDINGS, INC. | * | |
| | * | |
| | * | (Judge Preston) |
| Debtor/Debtor-in-Possession. | * | |

**ORDER APPROVING APPLICATION TO EMPLOY DAVID SKROBOT AND FISHER, SKROBOT & SHERAW, LLC AS SPECIAL COUNSEL FOR DEBTOR/DEBTOR-IN-POSSESSION (*Doc*. 18)**

This matter came on for hearing before the Court upon the Application of the Debtor/Debtor-in-Possession Evergreen Site Holdings, Inc. ("Debtor") to employ David Skrobot, Esq. and Fisher, Skrobot, & Sheraw, LLC (hereinafter referred to collectively as "Counsel") as special counsel (the "Application") (*Doc*. 18) and objections thereto. Present were Denis E. Blasius and Darlene E. Fierle on behalf of Debtor/Debtor-In-Possession; Pamela Arndt on behalf of the U.S. Trustee; David M. Whittaker and Philip K. Stovall on behalf of Karry Gemmell; John W. Kennedy on behalf of Reg Martin; Matthew Thompson on behalf of David Stemen; Kevin

Humphreys on behalf of Timber View Properties, Inc.; and proposed Special Counsel, David A. Skrobot, and Beth M. Miller of Fisher, Skrobot & Sheraw, LLC. The Court has considered the original application (Doc. No. 18), the opposition response of Reg Martin to the Application (Doc. No. 33), the objection of David Stemen to the Application (Doc. No. 35), and the objection of Karry Gemmel to the Application (Doc. No. 42)

The Court finds from the Application and Affidavits relating to such employment and argument and testimony presented at the hearing on the matter held December 6, 2022, that the requirements set forth in *11 U.S.C. §327, Bankruptcy Rule 2014* and *Local Bankruptcy Rule 2014-1* have been satisfied as the Application sets forth a specified special purpose; the appointment of Counsel is in the best interests of the estate; and Counsel does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters which are the subject of Counsel's employment.

Therefore,

IT IS ORDERED that the Objections of Reg Martin (Doc. 33), David Stemen (Doc. 35) and Karry Gemmell (Doc. 42) are hereby OVERRULED.

IT IS FURTHER ORDERED that the Application to Employ David A. Skrobot and the law offices of Fisher, Skrobot & Sheraw, LLC as Special Counsel (Doc. 18) is hereby GRANTED.

IT IS FURTHER ORDERED that David A. Skrobot, Esq., and Fisher, Skrobot, & Sheraw, LLC, 471 E Broad St, Suite 1810, Columbus, OH 43215, are hereby employed as special counsel for the Debtor, for the purposes set forth below; and

IT IS FURTHER ORDERED that the employment of Fisher, Skrobot, & Sheraw, LLC, 471 E Broad St, Suite 1810, Columbus, OH 43215, also includes employment of Beth M. Miller, Esq., of counsel, as special counsel for the Debtor, for the purposes set forth below; and

IT IS FURTHER ORDERED the professional legal services that Counsel is to authorized to render as Special Counsel shall include the following: (a) representation in that certain Ohio 4th District Court of Appeals proceeding, *Karry Gemmell v. Evergreen Site Holdings, Inc.*, Case

No. 22CA-0004 and matters related to same; (b) representation in that certain Hocking County Common Pleas Court proceeding, *Karry Gemmell v. Evergreen Site Holdings, Inc.*, Case No. 21CV0004 and matters related to same; (c) potential State Court actions against any tenants residing or operating businesses at the real property commonly known as 15111 State Route 664 (Parcel ID No. 02-000833.0201) and 0 State Route 664 (Parcel ID No. 02-000833.0200), Logan, Ohio, 43138; and (d) assistance in the collection of certain rents and receivables held by Reg Martin, Former Receiver of Hocking Peaks Adventure Park, LLC, or by third parties, related to his purported receivership.

IT IS FURTHER ORDERED that the employment of Special Counsel as set forth herein shall be effective as of December 8, 2022, the date the Court issued the oral decision on the Motion.

IT IS FURTHER ORDERED that the Debtor shall file a separate motion requesting that Special Counsel be authorized to provide professional legal services for any other purpose not specified herein.

IT IS FURTHER ORDERED that if it is later identified that Counsel represents or holds an adverse interest to the Debtor or the estate, Counsel shall so notify the Court and Counsel must be disqualified and terminated as Special Counsel and Counsel's fees and expenses may possibly be subject to disgorgement.

IT IS FURTHER ORDERED all compensation and reimbursement of expenses for said Special Counsel shall be submitted as set forth in the Application and will be subject to review and approval by this Court pursuant to *11 U.S.C. §§330* and *331* and *503(b)(2)*, *Bankruptcy Rule 2016* and *Local Bankruptcy Rule 2016-1(a)*.

IT IS SO ORDERED.

Copies to:
All Filing Parties Plus
Top 20